# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHARLES B. SANDERS,                )
                                   )    C.A. No. K20M-01-001 NEP
          Petitioner,    )    In and for Kent County
                                   )
                                   )
v.                                 )
                                   )
                                   )
DEPARTMENT OF JUSTICE,             )
                                   )
          Respondent.    )
                                   )

Submitted: January 23, 2020
Decided: March 11, 2020

## ORDER

Upon consideration of the application to proceed *in forma pauperis* and of the Petition for Writ of Mandamus of Petitioner Charles B. Sanders (hereinafter "Mr. Sanders"), the Court finds as follows:

Mr. Sanders, who is incarcerated at the James T. Vaughn Correctional Center, has filed a Petition for Writ of Mandamus, seeking an order from this Court that requires the Delaware Department of Justice (hereinafter "Defendant") to provide him with evidence regarding two photographic lineups utilized prior to his trial and subsequent convictions in 1994 for robbery, kidnapping, and assault. Having considered the application to proceed *in forma pauperis*, the Court finds that the application should be granted. The Court will next review the complaint pursuant to 10 *Del. C.* § 8803(b).

Pursuant to 10 *Del. C.* § 8803(b), if a complaint concerning which the Court has granted an application to proceed *in forma pauperis* is deemed to be legally

frivolous, factually frivolous, or malicious, the Court must dismiss it.[1] A claim is factually frivolous where the factual allegations are "baseless, of little or no weight, value or importance, [or] not worthy of serious attention or trivial."[2] A claim is legally frivolous where it is "based on an indisputably meritless legal theory."[3] A claim is malicious when "designed to vex, injure or harass, or one which is otherwise abusive of the judicial process or which realleges pending or previously litigated claims."[4] The Court finds Mr. Sanders's claims to be legally frivolous and malicious.

Mr. Sanders claims, *inter alia*, that during the first photographic lineup the victim failed to identify Mr. Sanders as the perpetrator of the crimes. Further, according to Mr. Sanders, during the second photographic lineup the victim identified Mr. Sanders as the perpetrator of the crimes, but Defendant failed to allow Mr. Sanders to inspect it and see if it was "constitutionally sound."[5] Mr. Sanders seeks a writ of mandamus in an attempt to view this evidence.

"A writ of mandamus is an extraordinary remedy" through which this Court orders "a lower court, agency, or public official to perform a nondiscretionary or ministerial duty."[6] The Court must issue a writ of mandamus according to its own discretion; hence, a writ of mandamus is not issued as a matter of right.[7]

In order for a petition for a writ of mandamus to be granted, the petitioner must demonstrate that the petitioner has "a clear legal right to the performance of the duty; no other adequate remedy is available; and the lower body has arbitrarily

---

[1] 10 *Del. C.* § 8803(b).
[2] *Id.* at § 8801(4).
[3] *Id.* at § 8801(7).
[4] *Id.* at § 8801(8).
[5] Sanders Pet. for Writ of Mandamus, at 2 (Jan. 2, 2020).
[6] *Fatir v. Governor of State of Delaware*, 2019 WL 162567, at *1 (Del. Super. Jan. 10, 2019) (citing *Allen v. Coupe*, 2016 WL 676041, at *2 (Del. Super. Feb. 18, 2016)).
[7] *Id.* (citing *Allen*, 2016 WL 676041, at *2).

2

failed or refused to perform that duty."[8] Further, "[i]f the duty is discretionary, the right is doubtful, the power to perform the duty is inadequate or wanting, or if any other adequate remedy exists, then the Petitioner is not entitled to a writ of mandamus."[9]

In *Sanders v. State*, the Delaware Supreme Court reviewed Mr. Sanders's fifth and sixth motions for postconviction relief, through which he had brought claims related to the two photographic lineups.[10] Specifically, Mr. Sanders claimed that the State had "failed to disclose exculpatory evidence generated from the first photo line-up."[11] The Supreme Court noted that Mr. Sanders had raised this claim in his first and third motions for post-conviction relief, both of which had been denied by this Court,[12] and concluded that because Mr. Sanders's fifth and sixth motions for postconviction relief brought claims that had already been raised and dismissed, his motions were frivolous.[13]

Mr. Sanders's Petition is legally frivolous because it is barred by the doctrine of collateral estoppel. The Supreme Court has explained that:

> [u]nder this doctrine, where a question of fact essential to the judgment is litigated and determined by a valid and final judgment, the determination is conclusive between the same parties in a subsequent case on a different cause of action. In such situation, a party is estopped from relitigating the issue again in the subsequent case.[14]

---

[8] *Id.* (quoting *Nicholson v. Taylor*, 882 A.2d 762, 2005 WL 2475736, at *2 (Del. Aug. 23, 2005) (TABLE) (internal quotations omitted)).

[9] *Id.* (citing *Allen*, 2016 WL 676041, at *2).

[10] *Sanders v. State*, 115 A.3d 1215, 2015 WL 3766447, at *1 (Del. June 12, 2015) (TABLE).

[11] *Id.* at *2.

[12] *Id.*

[13] *Id.*

[14] *Columbia Cas. Co. v. Playtex FP, Inc.*, 584 A.2d 1214, 1216 (Del. 1991) (internal quotations omitted).

This doctrine avoids the relitigation of issues that have already been decided, thereby conserving judicial resources.[15] Here, Mr. Sanders raises questions of fact essential to the judgment, namely, whether his rights were violated regarding two pre-trial photographic lineups. These questions have already been resolved in prior decisions on different causes of action.[16]

Even if Mr. Sanders's petition were not barred by collateral estoppel, it would be legally frivolous because Mr. Sanders is not entitled to a writ of mandamus, *i.e.*, (1) he does not have a clear legal right to the performance he seeks, (2) other adequate remedies are available, and (3) Defendant has not arbitrarily failed or refused to perform a nondiscretionary or ministerial duty.

First, Mr. Sanders does not have a clear legal right to the action he seeks because Delaware Courts have already determined that he does not have a legal right to review the photographic lineup evidence.[17] Second, adequate alternative remedies are available to Mr. Sanders and have already been exhausted.[18] Third, Defendant has not arbitrarily failed or refused to perform a duty. Indeed, as mentioned *supra*,

---

[15] *Id.*

[16] *Sanders v. State*, 676 A.2d 906, 1996 WL 209901, at *1 (Del. Apr. 24, 1996) (TABLE) (denying Mr. Sanders's appeal of denial of motion for postconviction relief, in which he argued violations of his rights regarding various stages of the photographic lineups); *Sanders v. State*, 692 A.2d 415, 1997 WL 70824, at *2 (Del. Feb. 10, 1997) (TABLE) (denying Mr. Sanders's appeal of denial of motion for new trial, in which he argued violation of his rights regarding a photographic lineup); *State v. Sanders*, 1997 WL 855719, at *1 (Del. Super. Dec. 17, 1997) (denying Mr. Sanders's motion for postconviction relief, in which he argued violations of his rights regarding photographic lineups); *Sanders*, 115 A.3d 1215, 2015 WL 3766447 (TABLE) (denying Mr. Sanders's appeal of denial of two motions for postconviction relief, in which he argued violations of his rights regarding various stages of the photographic lineups).

[17] *See* n. 16 *supra*.

[18] Although Mr. Sanders's claim in the present case is for a writ of mandamus, whereas his claims in the previous actions were for postconviction relief or a new trial, this Court nonetheless finds the matters to be similar. Indeed, "[a] defendant is not entitled to have a court examine an issue that has been previously resolved simply because the claim is refined or restated." *Sanders*, 2015 WL 3766447, at *2 (internal quotations omitted). Here, Mr. Sanders appears to be trying a new method in an attempt to review the photographic lineup evidence.

4

Delaware Courts have already decided that Mr. Sanders does not have a legal right to review the photographic lineup evidence from his trial; therefore, Defendant never had a duty to produce the photographic lineup evidence. Thus, because Mr. Sanders clearly does not have a legal right to a writ of mandamus, his claim is based on an indisputably meritless legal theory.

Finally, Mr. Sanders's complaint is malicious because it is "designed to vex, injure or harass"; it is "abusive of the judicial process"; and it "realleges pending or previously litigated claims."[19] Mr. Sanders's complaint is yet another frivolous suit that consumes the Court's time and diminishes its resources, and would threaten to harass Defendant were it permitted to continue.[20] Moreover, Mr. Sanders's complaint realleges previously litigated claims because it contains essentially the same allegations as those repeatedly considered, and rejected, by this Court and by the Supreme Court.[21]

## CONCLUSION

For the foregoing reasons, Mr. Sanders's Petition for Writ of Mandamus is **DISMISSED** with prejudice, and service of process shall not issue.

Furthermore, for the same reasons that the Supreme Court previously advised Mr. Sanders that he risked an assessment of costs should he continue to advance frivolous claims in that Court,[22] this Court will assess costs of $210.00 against Mr. Sanders.[23] In addition, pursuant to 10 *Del. C.* § 8803(e), Mr. Sanders is enjoined from filing future claims without leave of this Court, and any future requests to file claims must be accompanied by an affidavit certifying that:

---

[19] 10 *Del. C.* § 8801(8).

[20] *See Sanders*, 2015 WL 3766447, at *2 ("[T]he Court finds that this appeal is frivolous and an abuse of the judicial process. . . . Sanders is advised that he risks a special order assessing costs against him if he continues to advance frivolous claims in this Court.").

[21] *Id.*; *Sanders*, 1996 WL 209901; *Sanders*, 1997 WL 70824; *Sanders*, 1997 WL 855719.

[22] *Sanders*, 2015 WL 3766447, at *2.

[23] This represents the filing fee that corresponds to a petition for writ of mandamus.

(1) The claims sought to be litigated have never been raised or disposed of before in any court;

(2) The facts alleged are true and correct;

(3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;

(4) The affiant has no reason to believe the claims are foreclosed by controlling law; and

(5) The affiant understands that the affidavit is made under penalty of perjury.[24]

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
*Via File & ServeXpress*
oc: Prothonotary
cc: Charles B. Sanders, JTVCC
Superior Court ID# 9312012607

---

[24] *See Sanders*, 2015 WL 3766447, at *2 (Supreme Court directed Clerk of that Court to refuse to accept any future appeals from Mr. Sanders involving his 1994 convictions unless accompanied by required filing fee or motion *in forma pauperis* with sworn affidavit pursuant to 10 *Del. C.* § 8803(e)).

6